# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31216
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2015

Lyle W. Cayce
Clerk

BARBARA B. LUMPKINS,

> Plaintiff–Appellant,

v.

OFFICE OF COMMUNITY DEVELOPMENT / LOUISIANA ECONOMIC
DEVELOPMENT & DISASTER RECOVERY UNIT; SMALL RENTAL
PROPERTY AND HAZARD MITIGATION GRANT PROGRAMS, officially;
NEW ORLEANS CITY; DEPARTMENT OF SAFETY & PERMITS; PAUL D.
RAINWATER, in his capacity as Administrator and personally; MATTHEW
THOMEY, officially and personally; JONATHAN SHENSKY, in his capacity
as Contract Liaison and personally; KRISTIE JONES, in her capacity as
Mitigation Representative and personally; RAY RODRIGUEZ, officially and
personally,

> Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-06646

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-31216

Appellant Barbara Lumpkins sued various Louisiana state agencies and officials tasked with disbursing funds to assist homeowners in protecting their homes from natural disasters.  The district court dismissed Lumpkins's federal claims on grounds that she failed to state a claim upon which relief could be granted and declined to exercise supplemental jurisdiction over her remaining state-law claims.  We affirm.

**I**

Lumpkins owned interests in three residential and rental properties in New Orleans, which were damaged during Hurricane Katrina.  She applied for disaster relief aid from the Small Rental Property and Hazard Mitigation Grant programs, which are administered by the Disaster Recovery Unit of the Office of Community Development (OCD/DRU), a Louisiana state agency.  After Lumpkins certified that she met certain qualifications, OCD/DRU awarded her $116,000 to repair her Rampart Street property, $210,000 for her Urville Street property, and $190,000 for her Tulsa Street property.  She was to receive initial disbursements of $94,000, $150,000, and $66,000 for those respective properties.

To carry out the repairs and flood-mitigation work, Lumpkins contracted with JCJ Industries, Inc., a company that OCD/DRU determined eligible to participate in the Small Rental Property and Hazard Mitigation Grant programs.  The parties later discovered that JCJ should not have received money through the programs because it lacked the required licensure.  Following OCD/DRU's approval of Lumpkins's grant, Lumpkins conferred a power of attorney upon JCJ's president, James A. Littles, authorizing him to "act for [her] . . . and for [her] welfare as it relates to the execution of the [Hazard Mitigation Grant Program] documents, agreements, covenants and affidavits for which [Lumpkins] is an applicant . . . for the construction, rehabilitation, raising or demolishing [of Lumpkins's property]."  Apparently

2

operating under this power of attorney, JCJ and Littles requested and directly received the various sums earmarked for repair of Lumpkins's properties. Lumpkins claims that JCJ and Littles defrauded her of the entire $94,000 disbursement and $85,000 of the $150,000 disbursement.

In the following months, OCD/DRU repeatedly requested that Lumpkins file payment verification forms to document how the grant money was being spent. Because Lumpkins failed to respond to the agency's requests, it warned her that it might act to recover the funds she had received. OCD/DRU also informed Lumpkins that the agency might take "action up to and including loan repayment or foreclosure" because she was failing to meet certain OCD/DRU requirements.

In response, Lumpkins filed the instant suit in federal district court. She brings claims under 42 U.S.C. §§ 1983 and 1985, alleging that certain OCD/DRU officials negligently awarded her grant money to an unlicensed business entity, and then "concocted a scheme" to blame her for their negligent conduct. She also sued the City of New Orleans under state law, alleging that the City, without her authorization, issued unlawful permits to JCJ to perform demolition and construction work on her properties, that the City unlawfully imposed liens against her property, and that it failed to monitor JCJ's performance.

The Defendants filed a combined Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and Rule 12(b)(6) motion to dismiss for failure to state a claim. Lumpkins then filed a motion for leave to amend her complaint. The court dismissed with prejudice all federal claims on grounds that Lumpkins failed to state a claim upon which relief could be granted. The court then exercised its discretion to decline to assert supplemental jurisdiction over

No. 14-31216

Lumpkins's state-law claims,[1] and accordingly dismissed these claims for lack of subject matter jurisdiction. Finally, the court denied as moot Lumpkins's request to amend her complaint. Lumpkins now appeals.

**II**

We review a district court's grant or denial of a Rule 12(b)(6) motion to dismiss de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[2] To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] For a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4]

We review for abuse of discretion the district court's denial of a motion for leave to amend a complaint.[5]

**III**

To state a claim under 42 U.S.C. § 1983, Lumpkins must establish that a person, acting under color of law, deprived her of "rights, privileges, or immunities secured by the Constitution and laws" of the United States.[6] State

---

[1] *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

[2] *Hines v. Alldredge*, 783 F.3d 197, 200-01 (5th Cir. 2015) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2006)).

[4] *Id.* (citing *Twombly*, 550 U.S. at 556).

[5] *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (per curiam) (citing *Wilson v. Bruks–Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010)).

[6] 42 U.S.C. § 1983; *Equal Access for El Paso, Inc. v. Hawkins*, 562 F.3d 724, 727 n.3 (5th Cir. 2009).

agencies and state officials acting in their official capacities are not "persons" within the meaning of the statute.[7]  The parties do not dispute that OCD/DRU is a state agency, or that defendants Shensky, Jones, and Rodriguez are OCD/DRU employees.  Accordingly, the district court did not err in dismissing Lumpkins's claims against the agency, or against the state officials in their official capacities.

Lumpkins's claims against OCD/DRU and the state officials in their official capacities also fail because these parties are shielded by sovereign immunity.  "The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity."[8]  Sovereign immunity protects not just the state itself, but also "any state agency or entity deemed an 'alter ego' or 'arm' of the state."[9]  Moreover, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."[10]  Here, because the State did not waive sovereign immunity with respect to OCD/DRU or any officials in their official capacities, the Eleventh Amendment bars Lumpkins's claims against those parties.

The Eleventh Amendment also bars some of Lumpkins's claims against the state officials in their individual capacities.  Whether the litigant sues the officials or the state itself, the Eleventh Amendment bars recovery if a money

---

[7] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983."); *see also id.* at 60-61 (treating the Department of State Police as the State for purposes of § 1983 liability).

[8] *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (citing U.S. CONST. amend. XI).

[9] *Id.* (quoting *Vogt v. Bd. of Comm'rs*, 294 F.3d 684, 688-89 (5th Cir. 2002)).

[10] *Will*, 491 U.S. at 71.

judgment would be paid from the state treasury.[11]  Here, Lumpkins seeks to force the officials to disburse the remainder of her grant award, "in their custody, possession and control [and to] which she is entitled."  But because the balance of her award would be paid from the Louisiana treasury, the district court did not err in concluding that the Eleventh Amendment bars this claim.

To the extent Lumpkins seeks to hold the officials individually liable for negligently awarding her grant money to JCJ, she has failed to state a claim. Regardless of any negligent error committed by the officials, "negligence on the part of state officials does not suffice to make out *any* due process violation under the Fourteenth Amendment."[12]  This prohibition applies with equal force, whether Lumpkins asserts a deprivation of a liberty or a property interest.[13]  The district court did not err in granting the officials' motion to dismiss on this ground.

Insofar as Lumpkins asserts the agency officials conspired to blame her for their negligent conduct, she supports her theory with a sole factual allegation: that one of the agency officials, Kristie Jones, "is a personal friend of [the] Christy S. Morgan family," which owns a subsidiary of JCJ.  But

---

[11] *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." (alteration in original) (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents*, 535 U.S. 613 (2002))); *see Fontenot v. McCraw*, 777 F.3d 741, 753-55 (5th Cir. 2015) (explaining that private parties generally may not sue state officials seeking to obtain funds allegedly wrongly withheld by the state).

[12] *Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 634-35 (5th Cir. 1999) (quoting *Feagley v. Waddill*, 868 F.2d 1437, 1440 (5th Cir. 1989)); *see Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("We conclude that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.").

[13] *See Daniels*, 474 U.S. at 328.

No. 14-31216

Lumpkins does not allege that any agreement existed between Jones and the Morgan family, or that either party improperly benefited from the assignment of the award money to JCJ. Such a meager factual allegation is insufficient to provide "plausible grounds to infer an agreement," such that her conspiracy claim cannot survive a motion to dismiss.[14]

Lumpkins also alleges that the State deprived her of a protected interest by defaming her character. She has failed to allege that any state officials have publicized any false information about her, or otherwise participated in any behavior that could be considered defamatory. "Threadbare recitals of the elements of a cause of action," unsupported by factual allegations, are insufficient to allow a claim to survive a motion to dismiss.[15] The district court did not err in dismissing Lumpkins's defamation claim brought via the Fourteenth Amendment.

Lumpkins additionally claims that a number of procedural defects fatally afflicted the fairness of the proceedings in the district court. Lumpkins asserts, for example, that Judge Berrigan should be disqualified under 28 U.S.C. §§ 144 and 455. But Lumpkins failed to follow § 144's procedures to petition for judicial disqualification and, in any case, her asserted grounds for judicial bias—that counsel for the State filed a "scandalous pleading"—is wholly irrelevant to Judge Berrigan's impartiality. Accordingly, she is not entitled to relief on this ground. Nor was her Seventh Amendment right to trial by jury violated, because "[d]ismissal of [a] claim[] pursuant to a valid 12(b)(6) motion does not violate [a party's] right to a jury trial under the

---

[14] *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (explaining that unfounded conspiracy allegations do not, "without some further factual enhancement," render a claim plausible); *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 375 (5th Cir. 2014) (explaining that a plaintiff alleging the existence of a conspiracy must plead "specific facts demonstrating an intention . . . to engage in a conspiracy" (emphasis omitted)).

[15] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Seventh Amendment."[16] Her claim that dismissal under 12(b)(6) violates her First Amendment right to petition for redress of grievances fails because she has not been denied the right to air her grievances before the courts.[17] Her claim that the dismissal violates her Fifth Amendment right to engage in discovery fails because she has not made a plausible showing that she is entitled to relief.[18]

Lumpkins also assigns error to the district court's denial of her motion for leave to amend her complaint. She correctly observes that generally, "a pro se litigant should be offered an opportunity to amend [her] complaint before it is dismissed."[19] But as the district court noted, leave to amend is not required where the plaintiff has already pleaded her best case.[20] The district court concluded that Lumpkins "has pleaded her best case because an amendment could not cure the problems from which her due process claims suffer." No set of facts could render her negligence-based claims legally plausible. She has not identified any conduct plausibly tending to show that the state officials conspired to blame her for their alleged error in awarding the grant money to JCJ. The district court did not abuse its discretion in denying her motion for leave to amend her complaint.

---

[16] *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 n.5 (5th Cir. 2014) (citation omitted).

[17] *See generally* 16A AM. JUR. 2D *Constitutional Law* § 566 (2015) ("The right to petition, in conjunction with the right of assembly, has been described as the enabling clause of the First Amendment, as the right to petition safeguards citizens' exercise of their other First Amendment rights to free speech, press, and religion." (footnotes omitted)).

[18] *See Doe v. Robertson*, 751 F.3d 383, 393 (5th Cir. 2014) ("'[A] plaintiff armed with nothing more than conclusions' cannot 'unlock the doors of discovery.'" (quoting *Iqbal*, 556 U.S. at 678-79)).

[19] *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

[20] *Id.* at 768.

No. 14-31216

Finally, Lumpkins claims that the district court erred by dismissing her state-law claims for lack of subject-matter jurisdiction on grounds that she pleaded sufficient facts to establish diversity jurisdiction.  Under 28 U.S.C. § 1653, Lumpkins is entitled to assert diversity jurisdiction for the first time on appeal.[21]  We equate § 1653 with Federal Rule of Procedure 15(a) and, accordingly, liberally grant leave to amend "unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." [22] We also consider concerns of judicial economy and effective case management.[23]

Lumpkins, as the party asserting federal jurisdiction, bears the burden of establishing diversity of citizenship.[24]  Despite having been placed squarely on notice of the jurisdictional defects in her complaint, Lumpkins has still failed to affirmatively allege the citizenship of the parties.[25]  Because remanding to the district court would unnecessarily drain judicial resources, we decline to grant Lumpkins leave to amend her complaint.

\* \* \*

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[21] *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322-23 (5th Cir. 2009); *Whitmire v. Victus Ltd. T/A Master Design Furniture*, 212 F.3d 885, 887 (5th Cir. 2000) ("A plaintiff may correct a failure to set forth diversity as an alternate basis for jurisdiction by amending her complaint pursuant to 28 U.S.C. § 1653.").

[22] *Jebaco*, 587 F.3d at 322.

[23] *Id.*

[24] *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

[25] *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1989).