# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10627
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 14, 2025

Lyle W. Cayce
Clerk

John Stancu,

*Plaintiff—Appellant*,

*versus*

The Highland Hilton, *doing business as* HEI Hotels &
Resorts,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-894

———————————————————————

Before Dennis, Ho, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant John Stancu, proceeding *pro se*, appeals the district court's dismissal of his employment discrimination and retaliation claims against Defendant-Appellee Highland Hilton (HEI). For the following reasons, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10627

Stancu began working for HEI as a maintenance engineer in Dallas, Texas in October 2022 and was injured when another hotel employee allegedly crashed into him with a laundry cart. Stancu filed suit in April 2023, alleging that HEI violated the Americans with Disabilities Act by discriminating against him when it denied several requests for reasonable accommodations and by retaliating against him. After allowing Stancu the opportunity to amend his initial complaint, the district court granted HEI's Rule 12(b)(6) motion to dismiss, finding that he failed to state a claim and that further amendment was futile. Stancu appeals.

On appeal, Stancu argues that the district court's dismissal of his claims violated both the Fifth and Seventh Amendments of the U.S. Constitution. Neither of these arguments is meritorious. First, "[d]ismissal of [Stancu's] claims pursuant to a valid 12(b)(6) motion does not violate [his] right to a jury trial under the Seventh Amendment." *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 n.5 (5th Cir. 2014) (citing *Sparkman v. Am. Bar Ass'n*, 281 F.3d 1278 (5th Cir. 2001)). Second, the district court's dismissal does not violate his Fifth Amendment right to engage in discovery because he has not made a plausible claim that he is entitled to relief. *Lumpkins v. Office of Cmty. Dev.*, 621 F. App'x 264, 270 (5th Cir. 2015).

Importantly, Stancu does not raise any arguments about the merits of the district court's analysis. By failing to brief why the district court's judgment is incorrect, Stancu has effectively abandoned any such arguments. *See Dardar v. Lafourche Realty Co., Inc.*, 985 F.2d 824, 831 (5th Cir. 1993) ("Questions posed for appellate review but inadequately briefed are considered abandoned."); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) ("We will not raise and discuss legal issues that [appellant] has failed to assert."). While we "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the

2

No. 24-10627

issues." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). As such, we AFFIRM the district court's judgment.