United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

**No. 02-51286**
**Summary Calendar**

_____

RENEE SHEREE O'CAROLAN,

Plaintiff-Appellant,

versus

TATE PURYEAR; TODD RIFFE; ROLAND CUNNINGHAM;
JOHN DOES 1-10; WILLIAM DON MANTAGUE, Individually,
and as Hays County Sheriff,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-41-SS
---------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Renee Sheree O'Carolan (O'Carolan) appeals the district court's grant of summary judgment to the defendants on her civil rights complaint filed pursuant to 42 U.S.C. § 1983 in Texas state court. She argues that her petition was timely filed and served under the Federal Rules of Civil Procedure, which she contends should be applied in this case.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Federal Rules of Civil Procedure "apply to civil actions removed to the United States district courts from the state courts and govern procedure <u>after removal</u>."  FED. R. CIV. P. 81(c) (emphasis added); <u>see also</u> <u>Matter of Meyerland</u>, 960 F.2d 512, 520 (5th Cir. 1992) (en banc) ("A case removed from state court simply comes into the federal system in the same condition in which it left the state system.").  Accordingly, because O'Carolan's case originated in state court, and the events relevant to its timeliness occurred prior to its removal, the Federal Rules of Civil Procedure do not govern the issue whether O'Carolan tolled the applicable statute of limitations while her case was pending in Texas state court.  <u>See</u> FED. R. CIV. P. 81(c); <u>Meyerland</u>, 960 F.2d at 520.  Because O'Carolan's claim is time barred in state court, <u>Hainsler v. Mainka</u>, 807 S.W.2d 3, 5 (Tex. App. Corpus Christi 1991), it is also time barred here.

AFFIRMED.