## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10715

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2014

Lyle W. Cayce
Clerk

REINALDO J. TAYLOR,

Plaintiff - Appellant

v.

BAILEY TOOL & MANUFACTURING COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before WIENER, HAYNES, and HIGGINSON, Circuit Judges.

HAYNES, Circuit Judge:

Reinaldo Taylor appeals the district court's order dismissing his claims as barred by the applicable statutes of limitations. The parties have narrowed the issue on appeal to the question of whether a claim barred by limitations when filed in state court can be revived by Federal Rule of Civil Procedure 15(c) once the case is removed. Under the facts here, we answer the question "no" and AFFIRM.

I.

Taylor was employed by Bailey Tool & Manufacturing Company ("Bailey") for approximately a year until his layoff on December 7, 2007. Taylor filed charges of discrimination with both the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC") on

No. 13-10715

December 26, 2007. The EEOC sent Taylor his right to sue letter on January 10, 2011. On March 4, 2011, Taylor sued Bailey in Texas state court, alleging racial discrimination and retaliation in violation of Chapter 21 of the Texas Labor Code. On December 18, 2012, Taylor filed an amended petition in state court, adding claims for racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, as well as 42 U.S.C. § 1981.

Bailey then removed the case to federal court based on the newly asserted federal-law claims. It then filed a motion to dismiss, contending that Taylor's claims were barred by the applicable statutes of limitations. In response, Taylor conceded that his state-law claims were time-barred; however, he argued that his federal-law claims, although filed after the statutory period, were not time-barred because they related back to the date of his original petition in state court pursuant to Federal Rule of Civil Procedure 15(c)(1).

The district court granted Bailey's motion to dismiss, concluding that the Texas relation-back rules applied to Taylor's amended petition filed in state court and that removal of the claim to federal court did not "resuscitate" the barred claims. Taylor appeals the district court's dismissal of his federal-law claims.

## II.

We review *de novo* a district court's grant of a motion to dismiss. *See Equal Access for El Paso, Inc. v. Hawkins*, 562 F.3d 724, 726 (5th Cir. 2009). A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

No. 13-10715

The parties agree that the timeliness of Taylor's federal claims turns on whether the Texas relation back statute or Federal Rule 15 applies in this circumstance.[1] The statute of limitations on Taylor's state-law claims expired prior to the filing of his original state court petition, and the statute of limitations on his federal-law claims expired between the filing of his original petition and the amended petition.[2] If Federal Rule 15(c) applies, the parties concede that his federal-law claims relate back to the date of the original petition because they "assert[] a claim or defense that arose out of the conduct, transaction, or occurrence set out" in the original petition. FED. R. CIV. P. 15(c)(1)(B). However, if the Texas relation-back statute applies, his federal-law claims would not relate back to the date of the original petition because his causes of action in that original petition were "subject to a plea of limitation when the pleading [was] filed." TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (West 2008).

Therefore, the sole issue is which provision governs: the state relation back statute or "federal" Rule 15? While this is an issue of first impression for this court, the two circuit courts to consider the precise issue have applied analogous state rules, not Federal Rule of Civil Procedure 15. *See Pac. Emp'rs*

---

[1] Thus we need not and do not address whether a different result might be reached if a tolling statute were applicable or if the plaintiff asserted some other basis for relation back (other than Federal Rule of Civil Procedure 15).

[2] Under Chapter 21 of the Texas Labor Code, Taylor was required to file his petition within two years of filing a discrimination charge with the TWC, but Taylor did not do so until three years later. *See* TEX. LAB. CODE ANN. § 21.256 (West 2006). Taylor's Title VII claim had to be filed within ninety days of receiving a right-to-sue letter from the EEOC, making his filing deadline for his Title VII claim April 11, 2011, more than eighteen months before he asserted it in his amended petition. *See* 42 U.S.C. § 2000e-5(f)(1). Taylor's 42 U.S.C. § 1981 claim had to be filed within four years of his adverse employment action, making his filing deadline for this claim December 7, 2011, one year before he filed his amended petition asserting this claim. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004).

No. 13-10715

*Ins. v. Sav-A-Lot*, 291 F.3d 392, 400–01 (6th Cir. 2002); *Anderson v. Allstate Ins.*, 630 F.2d 677, 682 (9th Cir. 1980).  We reach the same conclusion.

The Federal Rules of Civil Procedure provide that they "apply to a civil action *after* it is removed from a state court."  FED. R. CIV. P. 81(c)(1) (emphasis added); *see also* FED. R. CIV. P. 1 ("These rules govern the procedure in all civil actions and proceedings *in the United States district courts*, except as stated in Rule 81." (emphasis added)).  They do not provide for retroactive application to the procedural aspects of a case that occurred in state court prior to removal to federal court.  *See Pac. Emp'rs Ins.*, 291 F.3d at 400–01 ("As long as the matter remained in the Kentucky court, it was the Kentucky Rules that applied.  The Federal Rules applied only after removal." (citations omitted)); *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000) ("The federal rules do not apply to filings in state court, even if the case is later removed to federal court."); *Kirby v. Allegheny Beverage Corp.*, 811 F.2d 253, 257 (4th Cir. 1987) (noting that the Federal Rules "do not apply to the filing of pleadings or motions prior to removal").  Accordingly, in analogous circumstances, we have applied state rules to determine the implications of events that occurred while a case was pending in state court prior to removal.  *See Braud v. Transp. Serv. Co.*, 445 F.3d 801, 803 (5th Cir. 2006) ("[W]hen an action is commenced in state court is determined based on the state's own rules of procedure."); *O'Carolan v. Puryear*, 70 F. App'x 751, 751–52 (5th Cir. 2003) (unpublished) (holding that state rules governed whether the statute of limitations was tolled while the case was pending in state court prior to removal);[3] *Tompkins*, 202 F.3d at 787 (holding that state sanctions rules apply to pleadings filed in state court before removal); *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th

---

[3] Although *O'Carolan* is not "controlling precedent," it "may be [cited as] persuasive authority."  *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

4

Cir. 1972) (holding that a "district court must look to state law to ascertain whether service was properly made prior to removal").[4] Here, where the claim as filed in state court was barred at the time of its filing, we see nothing in Federal Rule 15(c) that would provide for its revival once the case is removed. *See O'Carolan*, 70 F. App'x at 752 ("Because O'Carolan's claim is time barred in state court, it is also time barred here." (citation omitted)); *In re Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992) (en banc) ("A case removed from state court simply comes into the federal system in the same condition in which it left the state system."); *Mullen v. Sears, Roebuck, & Co.*, 887 F.2d 615, 617–18 (5th Cir. 1989) (holding that removal did not deprive a defendant of a limitations defense available under state law at the time of removal).

We, therefore, hold that the Texas statute applies here to determine whether Taylor's amended petition filed in state court relates back to the date of his original petition. Because the claims set forth in his original petition were barred when filed, the amended petition did not relate back under the Texas statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068. The district court did not err in concluding that the claims asserted therein are barred by the applicable statutes of limitations. *Id.*

AFFIRMED.

---

[4] The general contour of the case law in this area is best summarized by *Moore's Federal Practice*:

> After removal of an action to federal court, state procedural rules will continue to govern with respect to any issues that arose prior to removal. Thus, state law controls such procedural issues as questions concerning the time at which an action is considered commenced, the appearance of parties in the action, *relation back to initial filing,* and the form, sufficiency, filing, and service of pleadings. State law also governs sanctions for conduct, such as filing a frivolous complaint in state court prior to removal.

14 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 81.04[2] (3d ed. 2013) (emphasis added) (citations omitted).