# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40010
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2016

Lyle W. Cayce
Clerk

ERIC HEILMAN,

      Plaintiff - Appellant

v.

CITY OF BEAUMONT; BEAUMONT CHIEF OF POLICE,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-264

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Eric Heilman appeals the district court's dismissal of his 42 U.S.C. § 1983 claims against defendants, the City of Beaumont and the Beaumont Chief of Police. For the following reasons, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40010

## I. BACKGROUND

The following facts are consistent with Heilman's second amended complaint. Heilman was a police officer in the Beaumont Police Department. On October 13, 2008, Heilman and his partner arrested a suspect based on evidence provided by a confidential informant. Heilman did not disclose the confidential informant at the time of the arrest or in his testimony to a grand jury because the policy of the Department was to only disclose a confidential informant if the informant was involved in the arrest. Despite this policy, Tom Maness, the District Attorney for Jefferson County—encompassing the City of Beaumont—pursued a charge of perjury against Heilman based on his failure to disclose the informant. Shane Phelps, an Assistant District Attorney, misled Heilman into pleading guilty to tampering with a government record, a misdemeanor. The plea agreement included a waiver of the relevant statute of limitations. Heilman was sentenced to six months deferred adjudication. He resigned from the Department on January 11, 2011.

After being notified that the statute of limitations could not be waived in his plea agreement, Heilman filed a petition for a writ of habeas corpus. The trial court granted relief and dismissed the charges. The government appealed, and the Court of Appeals of Texas, Ninth District, affirmed the grant of relief. The government again appealed to the Texas Court of Criminal Appeals. The Texas Court of Criminal Appeals reversed the lower court's holding.

Heilman then filed a complaint in the Eastern District of Texas alleging numerous constitutional violations under 42 U.S.C. § 1983 against Maness, Phelps, Jefferson County, the City of Beaumont, and the Beaumont Chief of Police. Heilman alleged that the defendants engaged in malicious prosecution, infringement of his protected speech by forcing him to plead guilty, retaliation by forcing him to resign because of his protected speech, and deprivation of his

2

No. 15-40010

Fourth and Fourteenth Amendment rights.  Following a motion to dismiss Heilman's second amended complaint, the district court dismissed Heilman's claims against Maness, Jefferson County, the Beaumont Chief of Police, and the City of Beaumont because, *inter alia*, the claims were barred by the relevant statute of limitations.  On appeal, Heilman challenges the dismissal as to his claims against the City of Beaumont and the Beaumont Chief of Police.  Finding that the statute of limitations bars Heilman's remaining claims, we AFFIRM the district court's dismissal.

## II. STANDARD OF REVIEW

We review the dismissal of a complaint under Rule 12(b)(6) de novo. *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 164 (5th Cir. 1997).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  The plaintiff must allege facts that suggest liability and are more than consistent with unlawful conduct.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014).

## III. DISCUSSION

Section 1983 does not prescribe a statute of limitations.  Instead, "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001).  Texas has a two year statute of limitations for personal injury claims.  Tex. Civ. Prac. & Rem. Code § 16.003(a); *Piotrowski*, 237 F.3d at 576.  Under our law, the limitations period begins to run when the plaintiff "knows or has reason to know of the

3

No. 15-40010

injury which is the basis of the action." *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) (citations omitted).   The plaintiff must know of the injury and the causal connection between the defendant and the injury. *Piotrowski*, 237 F.3d at 576.   Heilman filed his complaint on March 4, 2014.   To survive the motion to dismiss, Heilman must have sufficiently pleaded facts that suggested liability for injuries that he did not know of until after March 4, 2012.

In his second amended complaint, Heilman alleged that the City of Beaumont and the Beaumont Chief of Police adversely acted against him by forcing him to resign and refusing to honor their promise to rehire him. Heilman contended that these acts were in response to his protected speech— not disclosing the confidential informant, arguing that such nondisclosure was the policy of the Department, and challenging the validity of his guilty plea. In addition, Heilman alleged that the City "has a pattern and practice of wrongfully punishing Police Officers who follow orders or policies or practices which 'embarrass' the City's administration."

To establish a retaliation claim under § 1983, Heilman, a public employee, must satisfy the following elements: "(1) the plaintiff must suffer an adverse employment decision; (2) the plaintiff's speech must involve a matter of public concern; (3) the plaintiff's interest in commenting on matters of public concern must outweigh the defendant's interest in promoting efficiency; and (4) the plaintiff's speech must have motivated the defendant's actions." *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 563 (5th Cir. 2003).   Discharges and refusals to hire are considered adverse employment actions. *Sharp v. City of Houston*, 164 F.3d 923, 932 (5th Cir. 1999).

For his retaliation claim to fall within the statute of limitations, Heilman must have pleaded that the adverse actions in response to his protected speech occurred after March 4, 2012.   Even if we took his allegations of protected speech to be more than conclusory and of public interest, the only adverse

4

action that Heilman sufficiently pleaded is that the City and the Chief of Police forced him to resign. This injury occurred on January 11, 2011. Heilman also alleged that the City promised to reinstate him and did not do so. Heilman pleaded that the City "forced Chief of Police Coffin to renege on promises to Heilman about continued employment despite Maness' claims" and "promised to reinstate [him] through its current Chief of Police and City Manager, and then refused to perform as recently as 2014." In his second amended complaint, Heilman acknowledged that Chief of Police Coffin resigned in 2011; therefore, any failure to hire by Coffin occurred well before March 4, 2012. Heilman's allegations that the current chief of police also refused to reinstate him as recently as 2014 are conclusory. Heilman did not point to a discrete instance where he actively pursued reinstatement and the City or the current chief of police failed to hire him.[1] Heilman did not plead any facts sufficient to allege that the City adversely acted against him after 2011. *See Iqbal*, 556 U.S. at 678.

Heilman's final alleged injury is that the City withheld evidence that would have shown that he was acting in accordance with the policy of the Department when he did not disclose the confidential informant. Even ignoring Heiman's internal inconsistency—Heilman also pleaded that Coffin told Maness that Heilman was following Department policies—this alleged injury is also time barred. Heilman knew or should have known of this injury during his prosecution that resulted in his guilty plea on December 22, 2010. The existence and nature of the Department's policies were not at issue in Heilman's subsequent habeas petitions. Because Heilman failed to sufficiently

---

[1] Heilman instead inconsistently pleaded that the City promised to reinstate him, and that the current chief of police, Jimmy Singletary, repeatedly insisted that he would rehire him "but for the City." Heilman did not reference paragraphs sixty and sixty-one of his second amended complaint, or the facts contained therein, in his brief to this court.

plead facts suggesting that the City is likely liable for injuries that occurred within Texas's two year statute of limitations, each of his claims is time barred.

## IV. CONCLUSION

Heilman did not allege any facts that would suggest that his § 1983 claims against the City of Beaumont and the Beaumont Chief of Police are not barred by the applicable statute of limitations.  We AFFIRM the district court's dismissal of Heilman's claims.