# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

——————

No. 17-10649
Summary Calendar

——————

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2017

Lyle W. Cayce
Clerk

DETRA BARRETT,

Plaintiff - Appellant

v.

AMERICAN AIRLINES, INCORPORATED,

Defendant - Appellee

——————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-130

——————

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Detra Barrett asserted claims against Defendant–Appellee American Airlines, Inc., for employment discrimination and retaliation in violation of Title VII. American Airlines, Inc., filed a motion to dismiss, which the district court granted. Because Barrett asserted these claims in her Amended Petition—rather than her Original Petition—in state

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10649

court, her claims are untimely. Accordingly, we AFFIRM the district court's judgment.

## I.

American Airlines, Inc. ("American"), employed Detra Barrett in Fort Worth, Texas, from approximately March 1983 to August 2012. In April 2011, Barrett filed a charge of discrimination on the basis of color, sex, and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission, Civil Rights Division ("TWC"). She then amended the charge in June 2011. In October 2012, she filed an additional charge based on age discrimination and retaliation with the EEOC and TWC. On July 7, 2015, the EEOC issued its notice of right to sue, and on August 12, 2015, the TWC issued its notice of right to file a civil action. Subsequently, on September 29, 2015, Barrett filed suit in the Texas district court of Tarrant County. In her Original Petition, she alleged that American unlawfully discriminated and retaliated against her because of her sex and age. The petition did not specifically request relief under Title VII, but it did ask the court to "adjudge and decree that [American had] violated Texas Labor Code Ann. 21.051."

In December 2016, American filed a motion for summary judgment, arguing that the statute of limitations barred the claims in her petition under Texas Labor Code § 21.256. On January 12, 2017, Barrett filed an Amended Petition, which specified that she was seeking relief under Title VII. On the same day, she responded to American's summary judgment motion. Although Barrett conceded that her state law claims were time-barred, she contended that the motion should be denied because she had asserted an action under Title VII in her Original Petition and had since amended her petition to clarify that she was pursuing Title VII relief. A week later, American withdrew its summary judgment motion. Then, in February 2017, American removed this

No. 17-10649

case to federal court based on federal question jurisdiction. Pursuant to an order for repleading from the district court, Barrett submitted an Amended Complaint that was very similar to the Amended Petition and requested relief under Title VII.

In April 2017, American filed a motion to dismiss Barrett's Amended Complaint. It argued that Barrett had asserted her Title VII claims for the first time in her Amended Petition, which was filed more than 90 days after Barrett received the EEOC's notice of right to sue, and Barrett's claims were therefore untimely. American also contended that the Title VII claims could not relate back to the date of her Original Petition because the state law claims in that petition were untimely. The district court granted American's motion to dismiss, concluding that the Title VII claims were time-barred. Barrett timely appealed.

## II.

"We review *de novo* a district court's grant of a motion to dismiss." *Taylor v. Bailey Tool & Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) (citing *Equal Access for El Paso, Inc. v. Hawkins*, 562 F.3d 724, 726 (5th Cir. 2009)). "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Id.* (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). With respect to Title VII claims, claimants have 90 days to file a civil action after receiving a notice of right to sue. 42 U.S.C. § 2000e-5(f)(1).

This case turns on whether Barrett first asserted her Title VII claims in her Original Petition or Amended Petition.[1] The EEOC mailed its notice of right to sue to Barrett on July 7, 2015. Although the parties do not dispute that Barrett received the EEOC's notice, the record does not contain the exact date

---

[1] Because Barrett does not raise a tolling argument, we do not address tolling.

of receipt. "[W]here the date of receipt is not known, courts should apply a presumption that the plaintiff received the notice in three days." *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015) (footnote omitted). Thus, we assume that Barrett received notice on July 10, 2015. If she asserted her Title VII claims in her Original Petition that was filed on September 29, 2015, then she was well within the 90-day filing window. However, if she asserted her Title VII claims in her Amended Petition that was filed on January 12, 2017, then she was well outside the 90-day filing window.

Further, if her Title VII claims were first asserted in her Amended Petition, they could not relate back to the date of her Original Petition. State law governs whether an amended pleading filed in state court relates back to the date of an earlier pleading. *See Taylor*, 744 F.3d at 947. As Barrett filed the Amended Petition in Texas state court, Texas procedural law governs. Under Texas law, an amended pleading cannot relate back to an earlier pleading if that earlier pleading is "subject to a plea of limitation when the pleading is filed." Tex. Civ. Prac. & Rem. Code § 16.068. If Barrett's Title VII claims were indeed first stated in her Amended Petition, then only state law claims could have been asserted in her Original Petition. As Barrett has conceded that her state law claims were barred by the statute of limitations in Texas Labor Code § 21.256, her Original Petition would be subject to a plea of limitation when it was filed. Accordingly, the Title VII claims in her Amended Petition could not relate back to the date of the Original Petition and would therefore be untimely.

Barrett argues that she asserted Title VII claims in her Original Petition. Because her Original Petition was filed in Texas district court, we apply Texas law in construing the pleading. *See Zamora v. GC Servs., L.P.*, 647 F. App'x 330, 333 (5th Cir. 2016) (per curiam) (unpublished) (applying Texas law to construe a petition filed in Texas state court); *see also Taylor*, 744 F.3d

at 947 ("[W]e have applied state rules to determine the implications of events that occurred while a case was pending in state court prior to removal."); *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 803 (5th Cir. 2006) ("[W]hen an action is commenced in state court is determined based on the state's own rules of procedure."); *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000) ("The federal rules do not apply to filings in state court, even if the case is later removed to federal court. If the state pleading rules did not apply, then nothing would govern the original pleadings in these cases . . . ." (citation omitted)).

Rule 47(a) of the Texas Rules of Civil Procedure states that a pleading should contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." Under Texas law, courts should construe a petition "liberally in favor of the pleader." *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (citing *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982)). They should "uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Id.* (first citing *Roark*, 633 S.W.2d at 809; then citing *Gulf, Colo. & Santa Fe Ry. v. Bliss*, 368 S.W.2d 594, 599 (Tex. 1963)). However, when a petition lists a specific cause of action, courts usually do not infer another cause of action. *See id.* (refusing to find that the plaintiff pleaded a cause of action for grossly negligent infliction of emotional distress when her "petition contained specific causes of action on which she was seeking to recover" and did not give fair notice to the defendant that she "would also seek to recover under a separate cause of action").

In this case, Barrett's Title VII claims were first asserted in her Amended Petition and are therefore untimely. Barrett's Original Petition listed Texas Labor Code § 21.051 as the statutory provision pursuant to which she sought relief. By listing the state law cause of action and not specifying her federal law cause of action under Title VII, it cannot be reasonably inferred

that Barrett sought relief under *both* state and federal law. *See, e.g.*, *Johnson v. Select Energy Servs., L.L.C.*, No. CIV.A. H-11-3486, 2013 WL 5425115, at \*1, \*7 (S.D. Tex. Sept. 24, 2013) (concluding that the plaintiff's original complaint that contained employment discrimination claims under state law, but not federal law, did not contain claims arising under Title VII). Cases in which courts have found that both state and federal law employment discrimination claims could be reasonably inferred involved petitions that did not incorporate any particular statutory provision, thus leaving open the possibility of the claim being under federal law, state law, or both. *See, e.g.*, *Zamora*, 647 F. App'x at 333; *Hernandez v. Belt Con Const., Inc.*, No. EP-15-CV-00153-FM, 2015 WL 5542502, at \*1, \*6 (W.D. Tex. Sept. 18, 2015); *Wal-Mart Stores, Inc. v. McKenzie*, 22 S.W.3d 566, 570–71 (Tex. App.—Eastland 2000, pet. denied).

### III.

In sum, Barrett's Title VII claims are untimely. Therefore, the district court did not err in granting American's motion to dismiss. The judgment of the district court is AFFIRMED.