UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40376

_____

FRIENDS FOR AMERICAN FREE ENTERPRISE ASSOCIATION,
                                    Plaintiff-Appellant,

versus

WAL-MART STORES, INC., doing business as Sam's Club,
    a Delaware Corporation; SAM'S WEST, INC.,
         doing business as Sam's Club,
                                    Defendants-Appellees.

_____

Consolidated with
Case No. 01-40420

_____

FRIENDS FOR AMERICAN FREE ENTERPRISE ASSOCIATION,
                                    Plaintiff-Appellee,

versus

WAL-MART STORES, INC., Etc.; Et Al,
                                    Defendants,

SAM'S WEST, INC., doing business as Sam's Club,
                                    Defendant-Appellant.

_____

Appeals from the United States District Court
for the Eastern District of Texas, Marshall Division

_____

March 1, 2002

Before JONES, WIENER, and PARKER, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Friends for American Free Enterprise, an association of manufacturers' representatives, contends that Sam's Club is tortiously interfering with the contractual relationships between representatives and the manufacturers who supply merchandise to Sam's. The district court dismissed the case for lack of standing. As we agree that the nature of the case requires participation of the association's individual members, we AFFIRM the district court's order of dismissal. In a related appeal, we AFFIRM the district court's order denying Sam's Club's motion for sanctions pursuant to Rule 11.

## I.  FACTS

Sam's Club decided in February 2000 that it would no longer purchase goods through manufacturers' representatives but instead would deal directly with the manufacturers themselves. Several manufacturers' representatives affected by this "no-broker" policy formed a non-profit association, Friends for American Free Enterprise Association ("Friends"), which filed this action for injunctive relief on the grounds that Sam's Club was tortiously interfering with the representatives' contractual relationships with the manufacturers.

Sam's Club moved to dismiss the case for lack of standing. Friends claimed it had "associational standing" to bring suit on behalf of its members, but the organization refused to identify its members or to produce the specific contracts that

2

Sam's Club allegedly was interfering with. After conducting hearings on the motion, the district court dismissed the action for lack of standing and denied all pending motions, including Sam's Club's motion for sanctions under Rule 11. In these consolidated appeals, Friends appeals from the order of dismissal, and Sam's Club appeals from the denial of sanctions.

## II. DISCUSSION

### A. Standing

An organization can assert "associational standing" to represent the interests of individuals only if it can show, *inter alia*, that "the nature of the case does not require the participation of the individual affected members as plaintiffs to resolve the claims or prayers for relief at issue." Friends of the Earth, Inc. v. Chevron Chemical Co., 129 F.3d 826, 827-28 (5th Cir. 1997)(citing Hunt v. Washington State Apple Advert. Comm'n, 432 U.S. 333 (1977)).

The individual members of Friends must participate if the district court is to resolve these tortious interference claims. As a preliminary matter, individual participation is necessary to resolve the basic choice-of-law question. Although Friends seems to assume that Texas tort law would apply, nothing in the record indicates that Texas has the most significant relationship to the

3

tortious conduct and the parties.[1]  See Thomas v. N.A. Chase Manhattan Bank, 994 F.2d 236, 241 (5th Cir. 1993).  Assuming that Texas law applies, principles of due process would require that Sam's Club be able to obtain sufficient knowledge of the affected contracts to defend against the representatives' claims and, perhaps, to assert the affirmative defense of justification.  See Prudential Ins. Co. of Am. v. Financial Review Servs., Inc., 29 S.W.3d 74, 77-78, 80-81 (Tex. 2000).  Finally, if Friends were to prove all the elements of tortious interference, the district court would need individualized information about the contracts to determine the proper scope of an injunction.

Friends cites Supreme Court and Fifth Circuit precedent for the proposition that the participation of individual members is less likely to be required if the association is seeking injunctive relief only.  What distinguishes this case from prior decisions, however, is not the relief requested but the nature of the claims asserted.  Most of the decisions that Friends relies upon involved pure questions of law.  See, e.g., International Union, UAW v. Brock, 477 U.S. 274, 287 (1986)(whether an agency's interpretation of a statute was correct); Hunt, 432 U.S. at 333 (whether a state

---

[1]    The court's decision to apply the substantive law of Texas (as opposed to Arkansas, for example) could have a significant effect on what the plaintiff would be required to prove.  Compare Powell Indus., Inc. v. Allen, 985 S.W.2d 455 (Tex. 1998), with Mason v. Wal-Mart Stores, Inc., 969 S.W.2d 160 (Ark. 1998).

4

statute violated the dormant Commerce Clause); Friends of the Earth, 129 F.3d at 827 (whether a chemical company was violating a discharge permit); Familias Unidas v. Briscoe, 619 F.2d 391, 394 (5th Cir. 1980)(whether a state statute violated the First Amendment). In this case, on the other hand, Friends alleges that Sam's Club's policy improperly interferes with multiple, specific contracts between individual representatives and their manufacturers. We see no way to resolve such fact-specific tort claims without participation of the individual members of the association.

## B. Sanctions

After dismissing Friends' tortious interference action, the district court denied Sam's Club's motion for sanctions under Rule 11. Sam's Club contends that the district court abused its discretion in denying its Rule 11 motion.

Contrary to Friends' assertion, we have jurisdiction over this appeal. See Didie v. Howes, 988 F.2d 1097, 1103 (11th Cir. 1993)("[A] district court's postjudgment order denying Rule 11 sanctions is a properly appealable final order."), cited in Thornton v. General Motors Corp., 136 F.3d 450, 453 (5th Cir. 1998). We review the district court's denial of Rule 11 sanctions for abuse of discretion. Thomas v. Capital Security Services, Inc., 836 F.2d 866, 872 (5th Cir. 1988)(en banc). "'Generally, an abuse of discretion only occurs where no reasonable person could

5

take the view adopted by the trial court.'" <u>Dawson v. United States</u>, 68 F.3d 886, 896 (5th Cir. 1995)(quoting <u>Lorentzen v. Anderson Pest Control</u>, 64 F.3d 327, 330 (7th Cir. 1995)).

Although the district court did not provide reasons for denying the motion for sanctions, this denial could be an implicit finding that Friends did not bring this litigation for an improper purpose and that Friends' legal arguments were not so frivolous as to warrant sanctions. Based on the record before us, the district court's conclusion would be reasonable and would not constitute an abuse of discretion.

We must note, however, that both parties assert (with only minimal support from the record) that the district court did not consider the merits of the Rule 11 motion. Sam's Club stated in its brief on appeal that the district court "operated under the misapprehension that it was without authority to rule on Sam's Club's motion for sanctions" because the court had dismissed the underlying action.[2] Friends' position is that the district court "chose to defer ruling on all motions" until after the standing issue had been decided on appeal. In light of both parties'

---

[2] "The district court retains power to issue sanctions under Rule 11 even though the action is no longer pending before it." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D (2001 Supp.) § 1336 at 71. <u>See</u> <u>also</u> <u>Willy v. Coastal Corp.</u>, 503 U.S. 131 (1992)(holding that a district court may impose sanctions pursuant to Rule 11 in a case in which the district court is later determined to be without subject matter jurisdiction).

expectation that the district court would reconsider the Rule 11 motion, we remand the case so that the district court may consider or reconsider the question of sanctions under Rule 11, either on the court's own initiative or on a renewed motion by Sam's Club.

### III. CONCLUSION

For the foregoing reasons, the district court's order dismissing Friends' action for lack of standing and its order denying Sam's Club's motion for sanctions under Rule 11 are both **AFFIRMED**, and the case is **REMANDED** for further proceedings consistent with this opinion.

7