# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 27, 2013

No. 12-20495
Summary Calendar

Lyle W. Cayce
Clerk

WARDELL MOORE,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2309

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Wardell Moore, Texas prisoner # 1391932, was convicted of aggravated assault with a deadly weapon and was sentenced to serve 75 years in prison. Now, he moves this court for authorization to proceed in forma pauperis (IFP) in his appeal from the district court's denial of his motion for sanctions under Federal Rule of Civil Procedure 11(c)(2). Moore's IFP motion constitutes a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge to the district court's certification that his appeal was not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The district court's denial of a Rule 11 motion is reviewed under the abuse of discretion standard, which is met only when no sensible person would agree with the district court's decision. *Friends for Am. Free Enterprise Ass'n v. Wal-Mart Stores, Inc*, 284 F.3d 575, 577-78 (5th Cir. 2002). Moore has not met this standard.

Consistent with his position in the district court and in several prior suits, Moore maintains that, in a motion for summary judgment filed with respect to Moore's 28 U.S.C. § 2254 habeas corpus petition, the Respondent falsely asserted that Moore was represented by counsel in his criminal proceedings. Moore asserts that he complied with the safe harbor provision of Rule 11(c)(2) by sending the respondent a letter giving notice of his intent to seek sanctions. Moore's actions do not suffice to satisfy the notice requirement of Rule 11(c)(2). *See In re Pratt*, 524 F.3d 580, 585-88 (5th Cir. 2008); *Eliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). Consequently, the district court did not abuse its discretion by concluding that Moore had not complied with the notice requirement of Rule 11(c)(2) and denying his Rule 11(c)(2) motion.

Because Moore has not shown that he will raise a nonfrivolous appellate claim, his motion for leave to proceed IFP is DENIED. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The instant appeal is without arguable merit and is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2.

This court previously noted that "Moore has filed numerous meritless pleadings insisting that he was denied counsel," and he was informed "that filings additional pleadings raising similar claims may result in the imposition of sanctions." *Moore v. Thaler*, No. 11-20640 at 2 (5th Cir. April 18, 2012). He failed to heed this warning. Consequently, Moore is ORDERED to pay a $100 sanction to the Clerk of this Court. He is BARRED from filing any pleading in

this court or any court subject to this court's jurisdiction challenging his convictions and sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file the pleading.  Finally, Moore is CAUTIONED that lodging future frivolous, repetitive, or otherwise abusive filings in the district court or in this court will subject him to additional and progressively more severe sanctions.