# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2013

No. 13-40340
Summary Calendar

Lyle W. Cayce
Clerk

ISHMAEL SALAHUDDIN, also known as Ismail Saladin,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CV-138

Before JONES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ishmael Salahuddin, Texas prisoner # 1297582, was convicted by a jury of five counts of attempted capital murder, one count of possession of cocaine with intent to deliver, and one count of escape. He was sentenced to life in prison on each capital murder count and the escape count and to 99 years on the cocaine count.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 2008, Salahuddin filed a 28 U.S.C. § 2254 petition, which was dismissed by the district court; this court denied him a certificate of appealability (COA). He filed three postjudgment motions pursuant to Rule 60 of the Federal Rules of Civil Procedure, asserting that he was denied his right to counsel in connection with a psychiatric evaluation and a competency proceeding, that he was denied his right to represent himself, and that the State had committed fraud on the court. The district court denied the motions as successive § 2254 petitions and rejected Salahuddin's fraud claims. This court denied a COA as to the first two motions. *See Salahuddin v. Thaler*, No. 11-40487 (August 1, 2011) (single-judge order); *Salahuddin v. Thaler*, No. 10-40914 (February 3, 2011) (single-judge order). A COA request remains pending in Case No. 12-41124.

Salahuddin then filed the subject motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. In it, he reiterated his assertions that he was denied his right to counsel and his right of self-representation and argued that the State misrepresented to the court that (a) he had waived his right of self-representation, and (b) the claim was not cognizable, was procedurally defaulted, and was without merit. The district court denied the sanctions motion, and Salahuddin appeals that ruling.

As a threshold matter, we deny a COA as unnecessary because the order denying Rule 11 sanctions did not dispose of the merits of Salahuddin's § 2254 petition. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009).

We review the denial of Rule 11 sanctions for an abuse of discretion. *Friends for Am. Free Enterprise Ass'n v. Wal-Mart Stores, Inc.*, 284 F.3d 575, 577-78 (5th Cir. 2002). In addition to failing to comply with the notice procedure of Rule 11(c)(2), Salahuddin has not raised any issue of merit. The record shows that Salahuddin withdrew a prior request to represent himself and consented to representation of counsel, Mark Woerner. Thus, the State's assertion that he had waived his right of self-representation was supported factually and legally.

*See Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982) (en banc).  Further, the State correctly asserted that federal habeas relief was not available to the extent that Salahuddin cited the Texas Constitution, *see Estelle v. McGuire*, 502 U.S. 62, 68 (1991), and Salahuddin offers only conclusory arguments that his claim was not defaulted.  In short, the district court did not abuse its discretion by concluding that the State had not violated Rule 11.  *See* FED. R. CIV. P. 11(b).

Because Salahuddin has failed to raise an issue of arguable merit, we dismiss his appeal as frivolous.  *See Lyons v. Sheetz*, 834 F.2d 493, 496 (5th Cir. 1987); 5TH CIR. R. 42.2.  Salahuddin was previously cautioned that frivolous, repetitive, or otherwise abusive filings could result in sanctions and restrictions on his ability to file pleadings.  Salahuddin did not heed that warning.  Accordingly, he is ordered to pay a sanction in the amount of $100 to the clerk of this court.  Further, he is barred from filing in this court or in any court subject to this court's jurisdiction any challenge to the above-mentioned convictions or sentences until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge.  Salahuddin is cautioned again that any future frivolous, repetitive, or otherwise abusive filings in this court or in any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.

COA DENIED AS UNNECESSARY; APPEAL DISMISSED AS FRIVOLOUS; SANCTION IMPOSED; SANCTION WARNING ISSUED.