# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20599
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2014

Lyle W. Cayce
Clerk

PATRICK WAYNE BELL,

Plaintiff-Appellant

v.

RICHARD HICKS, Officially and Individually; MELANIE WARD, Officially and Individually; FAUST AVILA, Officially and Individually; TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1979

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

Patrick Wayne Bell, Texas prisoner # 1190375, proceeding pro se and in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983 against corrections officers Richard Hicks and Melanie Ward, medical doctor Fausto Avila, and the Texas Department of Criminal Justice, alleging that he was injured when the prison bus in which he was riding was involved in an accident

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and that he was provided inadequate and delayed medical care for his injuries. The district court granted summary judgment in favor of Hicks and dismissed as frivolous the claims against the other defendants.

Bell does not challenge the district court's grant of summary judgment in favor of Hicks with regard to the accident. He argues that Hicks was deliberately indifferent to his health and safety when Hicks moved the bus from the freeway to a gas station after the accident, knowing that the brakes had failed. Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Bell has not briefed any challenge to the district court's denial of his motion to amend to add this claim or its failure to address this issue, any such challenge is deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Similarly, Bell has abandoned by failing to adequately brief any challenge to the district court's determination that there was no legal basis for holding Ward liable for Hicks's conduct.

We review for an abuse of discretion the district court's dismissal as frivolous pursuant to § 1915(e)(2)(B)(i) of Bell's claims against Dr. Avila. *See Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). Bell alleged that at least two nurses saw him on the date of the accident, and he did not allege any facts that Dr. Avila knew of and wantonly disregarded a serious medical condition or that any delay in treatment resulted in substantial harm. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Accordingly, the district court did not abuse its discretion by dismissing Bell's claims against Dr. Avila. *See Brewster*, 587 F.3d at 767.

No. 13-20599

Bell filed several motions to compel discovery and for the disclosure of documents by Hicks and moved in the district court for sanctions against Hicks's attorney for failing to provide him with copies of all of the exhibits attached to Hicks's motion for summary judgment. The district court denied these motions because Hicks was entitled to qualified immunity, which shielded him from unnecessary discovery and because Bell had attached to his pleading the missing documents. Bell makes no argument challenging these determinations and, thus, has abandoned any challenge to the district court's denial of these motions. *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748. Bell's assertion that defense counsel should be sanctioned for making false declarations to the court is not supported by the record, and the district court did not abuse its discretion by denying Bell's motions for sanctions on that basis. *See Friends for Am. Free Enterprise Ass'n v. Wal-Mart Stores*, 284 F.3d 575, 577-78 (5th Cir. 2002).

He has not adequately briefed any argument in support of his conclusional assertion that the district court was biased against him. Accordingly, this argument is deemed abandoned. *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748.

The judgment of the district court is AFFIRMED.

3