# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20666

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2017

Lyle W. Cayce
Clerk

PRISON JUSTICE LEAGUE,

      Plaintiff - Appellant

v.

TRACY BAILEY, Warden, in their official capacity; BRYAN COLLIER, Executive Director, in their official capacity; TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

      Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2985

Before HIGGINBOTHAM, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

    Appellant Prison Justice League ("PJL") appeals its dismissal from the present suit for lack of associational standing. Because PJL does not satisfy the third associational-standing prong, we AFFIRM the district court's judgment.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20666

I.

PJL is a "membership-based, non-profit organization" whose mission is to "improve conditions of incarceration through 'litigation, advocacy, and empowering [its] members.'" It claims to represent "over 700 inmates, over 100 of whom are located in [the Texas Department of Criminal Justice's] Estelle Unit." This so-called "medical unit" houses a large population of elderly and disabled inmates.

In October 2014, PJL, along with inmate John Doe ("Doe"), sued the Texas Department of Criminal Justice, Warden Tracy Bailey, and other Department administrators (collectively "TDCJ") for declaratory and injunctive relief, alleging violations of the First, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794. On September 30, 2015, the district court found that PJL did not satisfy the third prong of associational standing and dismissed it from the suit under Fed. R. Civ. P. 12(b)(1). From that judgment, PJL timely appeals.

II.

We review PJL's dismissal under Rule 12(b)(1) for lack of associational standing *de novo. Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010). "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. St. Apple Advert. Comm'n,* 432 U.S. 333, 343 (1977).

The parties do not contest that PJL satisfies the first two associational-standing prongs. PJL contends, however, that the district court erred when it determined that the third prong was not met. To satisfy the third prong, a

2

party must show that "the nature of the case does not require the participation of the individual affected members as plaintiffs to resolve the claims or prayers for relief at issue." *Friends for Am. Free Enter. Ass'n v. Walmart Stores*, 284 F.3d 575, 577–78 (5th Cir. 2002). In particular, a party satisfies the third prong if its "claims can be proven by evidence from representative injured members, without a fact-intensive-individual inquiry." *Ass'n of Am. Physicians*, 627 F.3d at 552.

In its complaint, PJL alleges that Estelle Unit officers used excessive force against inmates and retaliated against them for filing grievances. The complaint states specifically that "[o]fficers walking the halls of the Estelle Unit routinely exercise unbridled discretion to use physical force on inmates that is unnecessary to maintain discipline on the unit—striking them, twisting arms, slamming them into walls, or throwing them to the ground." It also states that officers "us[ed] force, destroy[ed] property, and institut[ed] spurious disciplinary cases" when inmates filed too many grievances. Finally, it states that Warden Bailey was aware of the excessive force and retaliation but did nothing to stop it.

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). "To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Consequently, to satisfy the third associational-standing prong, PJL would need to prove that Estelle Unit guards had a uniform retaliatory

motive, or acted uniformly or in a coordinated fashion to maliciously and sadistically cause harm. *Ass'n of Am. Physicians*, 627 F.3d at 550, 552–53.

We find, however, that PJL's complaint alleges no facts suggesting uniformly malicious or sadistic force or uniform retaliatory motive. Even though PJL asserts that officers applied "excessive force," retaliated against inmates, and "routinely exercise[d] unbridled discretion," these allegations do not rise above "'formulaic recitation[s]' of the elements of a cause of action," and thus "'will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In so holding, we recognize that in the prison context, "[e]xcessive force claims are necessarily fact-intensive; whether the force used is 'excessive' or 'unreasonable' depends on 'the facts and circumstances of each particular case.'" *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). We also recognize that prison retaliation claims are necessarily fact-intensive. *See Woods*, 60 F.3d at 1166. While acknowledging that satisfying the third associational standing prong is difficult given the fact-intensive nature of such claims, we do not mean to imply that these difficulties are insurmountable. For example, where the complaint sufficiently alleges that officers are uniform in their intent or coordinated in their methods, an association may be able to prove its excessive force or retaliation claim without "fact-intensive-individual inquiry." *See Ass'n of Am. Physicians*, 627 F.3d at 552. Furthermore, where an association plausibly alleges that inmates fear retaliation from officers if they were to be named in a complaint, that association's standing claim is necessarily bolstered. However, PJL does not plead such facts. Consequently, the district court did not err by dismissing it from the present suit.

AFFIRMED.