# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

─────────

No. 17-20019
Summary Calendar

─────────

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2017

Lyle W. Cayce
Clerk

VALENTINA SHESHTAWY; L. S.; DON PETERSON; MACKEY
PETERSON; LONNY PETERSON; EDWARD G. RIZK; MAXWELL RIZK,

      Plaintiffs - Appellants

v.

J. CARY GRAY; LLOYD WRIGHT; RUTH ANN STILES; ROBERT
MACINTYRE, JR.; W. CAMERON MCCULLOCH; CHRISTOPHER BURT;
JILL WILLARD YOUNG; MACINTYRE, MCCULLOCH, STANFIELD &
YOUNG, L.L.P.; JOSEPH ROYCE; SCOTT FUNK; GRAY, REED &
MCGRAW, P.C.; SARAH PACHECO; KATHLEEN BEDUZE; CRAIN,
CATON & JAMES, P.C.; MICHAEL FUQUA; FUQUA & ASSOCIATES, P.C.;
KIMBERLY HIGHTOWER; SILVERADO SENIOR LIVING,
INCORPORATED; CAROL ANN MANLEY; DAVID TROY PETERSON;
RUSS JONES; UNDERWOOD, JONES, SCHERRER, P.L.L.C.; JOSH K.
DAVIS; LEWIS BRISBOIS BISGAARD & SMITH, L.L.P.; CHRISTOPHER
MERKL; FAROUK SHESHTAWY; HANYA SUSTACHE; NADER
SHESHTAWY; MCDONALD SCOTT WORLEY; MCDONALD WORLEY,
P.C.; HARRIS COUNTY, TEXAS,

      Defendants - Appellees

─────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-733

─────────────────

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

No. 17-20019

PER CURIAM:[*]

Plaintiffs Valentina Sheshtawy, L. S., Don Peterson, Mackey Peterson, Lonny Peterson, Edward G. Rizk, and Maxwell Rizk (collectively "Plaintiffs") sued Defendants[1] asserting claims for (1) conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) common law fraud; and (3) breach of fiduciary relationship.[2]   Plaintiffs are comprised of individuals involved in three unrelated probate disputes.   Plaintiffs' main contention was that Defendants conspired to "take over" Harris County Probate Court No. 1 through their racketeering schemes to unlawfully enrich themselves at Plaintiffs' expense.

The district court dismissed Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and granted sanctions against Plaintiffs under Rule 11 and the district court's inherent power.   Plaintiffs now appeal the district court's dismissal of their claims and grant of sanctions.   For the following reasons, we AFFIRM.

We have jurisdiction under 28 U.S.C. § 1291 to hear this appeal from a final decision of the district court.   We review de novo a district court's dismissal under Rules 12(b)(1) and Rule 12(b)(6).   *Chhim v. Univ. of Tex. at*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Defendants are comprised of individuals and entities involved with the three probate disputes including Harris County, Harris County Probate Court No. 1 Judge Lloyd Wright, Associate Judge Ruth Ann Stiles, Court Coordinator Kimberly Hightower, opposing parties in the underlying probate cases, opposing law firms and attorneys, a medical doctor, a senior care living center, and various ad litem appointees.

[2] The district court recognized, and the parties did not dispute "that except for the RICO counts in the plaintiffs' complaint, [the district court was] without subject matter jurisdiction to entertain the plaintiffs' common law fraud and breach of fiduciary relationship claims."   The district court properly dismissed Plaintiff's federal RICO claims and acted within its discretion in dismissing Plaintiffs' remaining state-law claims without prejudice. *See Elliott v. Foufas*, 867 F.2d 877, 882 (5th Cir. 1989).   Therefore, this opinion does not address Plaintiffs' state-law claims.

2

No. 17-20019

*Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam).  We review the granting of sanctions for an abuse of discretion.  *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 576, 590 (5th Cir. 2008).

On appeal, Plaintiffs argue that the district court erred in (1) concluding that Plaintiffs lack standing because they did not suffer a cognizable injury under RICO; (2) determining that Plaintiffs failed to plead their RICO claims with sufficient particularity; and (3) granting sanctions.[3]

As to Plaintiffs' standing arguments, we agree with the district court and affirm.  Plaintiffs lack standing to pursue their RICO claims because they have failed to allege a direct, concrete, and particularized injury proximately caused by Defendants' conduct.  *See Lujan v. Dept. of Wildlife*, 504 U.S. 555, 560–61 (1992); *In re Taxable Mun. Bond Sec. Litig.*, 51 F.3d 518, 521 (5th Cir. 1995).

Plaintiffs attempt to rely on numerous paragraphs in their amended complaint that purportedly show that they sufficiently alleged a direct injury caused by Defendants' conduct, but a review of their 246-page amended complaint shows only repetition of legal elements with little to no factual specificity as to injury or causation.

Although we recognize that "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," *Lujan*, 504 U.S. at 561, Plaintiffs still fail to plead or even suggest the type of injury caused by Defendants' conduct.  Plaintiffs' suggest that their injury comes in the form of financial losses to their property interests in their respective probate proceedings.  However, the alleged injury to their share of

---

[3] To the extent Plaintiffs attempt to appeal the district court's order denying their motion for new trial or motion to enter final judgment, such argument is waived due to the lack of briefing of any alleged error involving these orders.  *See Willis v. Cleco Corp.*, 749 F.3d 314, 319 (5th Cir. 2014); *see also* FED. R. APP. P. 28.

the estate or trust is merely an expectancy interest that is too speculative and indirect to satisfy RICO standing. *See Gil Ramirez Grp., L.L.C. v. Hous. Indep. Sch. Dist.*, 786 F.3d 400, 409–410 (5th Cir. 2015); *In re Taxable Mun. Bond Sec. Litig.*, 51 F.3d at 522–23; *see also Firestone v. Galbreath*, 976 F.2d 279, 285 (6th Cir. 1992) (affirming the district court's dismissal of plaintiffs' RICO claims for lack of standing because the estate, not certain potential beneficiaries, suffered direct harm). Therefore, we affirm the district court's determination that Plaintiffs lack RICO standing and pretermit the question of whether Plaintiffs failed to plead their RICO claims with sufficient particularity.[4]

As to the issue of sanctions, we conclude that the district court did not abuse its discretion by imposing them.[5] The district court issued Rule 11 sanctions against Plaintiffs Valentina Sheshtawy, Don Peterson, Mackey Peterson, and Lonny Peterson[6] "because improper purposes motivated the

---

[4] The district court also dismissed Plaintiffs' RICO claims for failure to state a claim under Rule 12(b)(6). Although we need not address it, we would affirm on this basis as well.

To state a RICO claim, "a plaintiff must allege: 1) the conduct; 2) of an enterprise; 3) through a pattern; 4) of racketeering activity." *Elliott*, 867 F.2d at 880 (recognizing that each element of a RICO claim is a term of art which requires particularity). A review of Plaintiffs' amended complaint shows that, as in *Elliott*, Plaintiffs "substantially rescript[] the language of the statute in conclusory form," and fail to sufficiently plead any RICO causes of action. *See id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). On appeal, Plaintiffs simply make conclusory assertions that their complaint is sufficient to survive a motion to dismiss and cite to their entire complaint as evidencing the sufficiency.

[5] Although the district court had previously dismissed all of Plaintiffs' claims under Rule 12(b)(1) and (6), the court still retained the authority to impose sanctions. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992).

[6] Although Plaintiffs' Notice of Appeal mentions only the district court's dismissal of Plaintiffs' claims, the sanctions argument—to the extent Plaintiffs attempted to appeal the sanctions awarded against themselves—is properly before us because the order granting the motion to dismiss was effectively a final judgment, and because the issue of sanctions was fully briefed by the relevant parties. *See Trust Co. of La. v. N.N.P. Inc.*, 104 F.3d 1478, 1486 (5th Cir. 1997).

No. 17-20019

filing of the motion for new trial." Specifically, the district court determined that, given the history of the multiplied proceedings, as well as Plaintiffs' knowledge of the litigation costs, it was evident that the purpose of Plaintiffs' filing of the motion for new trial was to escalate costs. The district court determined that the facts and circumstances also supported an inference that Plaintiffs were acting in bad faith so that sanctions were justified under the court's inherent powers.[7]

Contrary to Plaintiffs' assertions, a review of the record shows that the district court's order granting sanctions thoroughly and sufficiently lays out the basis supporting its imposition of sanctions. Based on those facts, we conclude that the district court did not abuse its discretion. *See Carmon v. Lubrizol*, 17 F.3d 791, 795–96 (5th Cir. 1994).

AFFIRMED.

---

However, the district court also issued sanctions against Plaintiffs' attorneys Donald Cheatham and Christopher Gabel. Neither Cheatham nor Gabel are named as parties in the Notice of Appeal; they are merely listed as Plaintiffs' appellate counsel. Therefore, to the extent Plaintiffs attempt to appeal the sanctions award against counsel, this court is without jurisdiction to consider that issue. *See Kingsley v. Lakeview Reg'l Med. Ctr., LLC,* 570 F.3d 586, 589 (5th Cir. 2009); *see also Payne v. Univ. of S. Miss.,* 681 F. App'x 384, 387 (5th Cir. 2017).

[7] The district court also imposed conditional sanctions for appeal; however, Plaintiffs do not appear to challenge this award on appeal.