# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2021

Lyle W. Cayce
Clerk

No. 20-20130

Don Peterson; Mackey Peterson; Lonny Peterson,

*Plaintiffs—Appellants*,

*versus*

Russ Jones; Underwood, Jones, Scherrer, P.L.L.C.;
Harris County, Texas,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-733

Before Higginbotham, Costa, and Oldham, *Circuit Judges*.
Per Curiam:*

Usually a final judgment is just that—final. But the Federal Rules of Civil Procedure provide a limited escape valve for parties to allege, even years after a judgment, that the decision was based on certain errors of jurisdiction or due process: Rule 60(b)(4). If such an error occurs, the judgment is void.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20130

FED R. CIV. P. 60(b)(4); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

This appeal concerns the denial of a Rule 60(b)(4) motion. The motion argues that a sanctions order the district court issued more than four years ago is void for lack of subject matter jurisdiction. Because the court did have jurisdiction to sanction appellants, we affirm.

I.

The litigation that sparked the district court's award of sanctions and the Rule 60(b)(4) motion began in 2016. That year, the Petersons and their coplaintiffs filed a 192-page complaint alleging a RICO conspiracy, fraud, and breach of fiduciary duty. The claims stemmed from probate disputes in which the plaintiffs contended that more than thirty people—judges and court personnel included—"conspired to cheat them out of property" by "tak[ing] over" Harris County Probate Court One. In response, the defendants moved to dismiss and notified the plaintiffs of their intent to seek sanctions for filing frivolous litigation.

The district court held that the plaintiffs failed to establish subject matter jurisdiction and failed to plead their RICO claims with particularity, calling their arguments "pure zanyism." *See Bell v. Hood*, 327 U.S. 678, 681–83 (1946) (explaining that while the mere assertion of a federal claim typically will support subject matter jurisdiction, even if the claim later fails, there is an exception for claims that are "wholly insubstantial and frivolous"); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) (reiterating this exception). For example, the court explained that the defendants' use of mail and wire services for "routine communications" did not indicate that they were engaged in a RICO conspiracy, nor did the defendants' acts of "simply filing papers with the Harris County Clerk or entering into an agreement to resolve disputes." The court dismissed the RICO claims with prejudice and

No. 20-20130

indicated that the defendants' motions for sanctions should be resolved in the state probate proceedings, dismissing those motions without prejudice

Not to be deterred, the plaintiffs then filed a motion for a new trial "without meaningful or substantive facts or arguments." At that point, the court decided to impose sanctions. The sanctions order emphasized that the plaintiffs had "more than 40 opportunities" to drop their claims and received ten safe harbor letters from the defendants, yet they pressed on. The court also noted that the motion for a new trial was constructed with such "minimal effort" that it could have only been brought in "bad faith," "for the improper purpose of escalating costs."

Citing both Rule 11 and 28 U.S.C. § 1927, the court used its inherent authority to impose sanctions in the amount of the defendants' costs for responding to the "groundless" motion. The order also provided for "conditional appellate fee awards" to be imposed against the plaintiffs "in the event of an appeal by any party." The conditional fees totaled $140,000, including $15,000 to each set of attorneys for "handling an appeal to the Fifth Circuit" and $7,500 for "successfully defending" against a petition for certiorari to the Supreme Court.

The plaintiffs appealed anyway, seeking relief from the dismissal of their claims and the grant of sanctions for litigation costs. We affirmed on both grounds, holding that the plaintiffs' pleadings evinced "little to no factual specificity as to injury or causation" and that the district court did not abuse its discretion by imposing sanctions. *Sheshtawy v. Gray*, 697 F. App'x 380, 382–83 (5th Cir. 2017) (per curiam). The opinion noted, however, that although the district court "imposed conditional sanctions for appeal," the plaintiffs "d[id] not appear to challenge this award." *Id.* at 383 n.7. The plaintiffs then sought Supreme Court review, finding another unreceptive audience.

No. 20-20130

Over three years after the district court sanctioned them, the Petersons filed the Rule 60(b)(4) motion, arguing that the order is void because the court committed "fundamental error" by awarding conditional appellate fees.[1] The motion asserted that the prospective fee award lacked subject matter jurisdiction and "abridge[d] core First Amendment freedoms," denying the plaintiffs (who have been litigating their claims for years) access to the courts. The district court denied the motion, refusing to reopen the case, and the Petersons appealed to this court once more.

## II.

The single issue is whether the district court erred in denying the Petersons' Rule 60(b)(4) motion challenging the conditional appellate sanctions. Because there is no room for discretion in determining whether a judgment is void, we review de novo. *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998).

## A.

Rule 60(b) "provides an 'exception to finality,'. . . that 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Espinosa*, 559 U.S. at 269–70 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005)). A motion brought under Rule 60(b)(4) authorizes the court to "relieve a party or its legal representative from a final judgment, order, or proceeding . . . [if] the judgment is void." Fed. R. Civ. P. 60(b)(4); *Espinosa*, 559 U.S. at 270. To warrant relief, the judgment must be "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Espinosa*, 559 U.S. at 270. Rule 60(b)(4) "applies only in the rare

---

[1] Only Don, Lonny, and Mackey Peterson filed the Rule 60(b)(4) motion and are pursuing this appeal. The other plaintiffs are not involved in this latest round.

instance" when the moving party can show either that the court lacked subject matter or personal jurisdiction or that the court committed "a violation of due process that deprive[d] a party of notice or the opportunity to be heard." *Id.* at 271; *Carter*, 136 F.3d at 1006; *see Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003).

### B.

The Petersons' motion challenges the district court's sanctions order as "void for lack of subject matter jurisdiction." Yet it is difficult to decipher why the Petersons believe that the district court lacked jurisdiction to sanction them. Although they characterize the conditional sanctions as a prior restraint that violates the First Amendment, they do not cite any caselaw suggesting that the court lacked *jurisdiction* to sanction them. Perhaps they assume there was no jurisdiction to sanction because the district court dismissed their complaint for lack of subject matter jurisdiction.

But the district court had jurisdiction to sanction the Petersons despite the general absence of subject matter jurisdiction. Even after a court dismisses a case, it retains authority to sanction. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) (upholding a Rule 11 award following dismissal for lack of subject matter jurisdiction); *cf. Automation Support, Inc. v. Humble Design, L.L.C.*, 982 F.3d 392, 394–95 (5th Cir. 2020) (citing cases describing a district court's broad power to award attorneys' fees even when an action is no longer pending). In fact, "regardless of a court's ability to hear the merits of a suit, it possesses the power to sanction a noncompliant party that stands before it." *DTND Sierra Invs., L.L.C. v. HSBC Bank USA, N.A.*, 627 F. App'x 285, 287 (5th Cir. 2015) (citations omitted). If the law were otherwise, a court would be powerless to punish misconduct, however extreme, in a case filed in federal court despite a lack of subject matter jurisdiction.

No. 20-20130

As a final note, there is some confusion in the briefing about whether the Petersons' motion also challenges the sanctions order as void for violating due process. It is not clear that the plaintiffs are pressing this issue, but even if they are, the Petersons admit that they "have never complained and do not now complain in this appeal of a lack of notice or substantive opportunity to be heard." These are the only components of due process that can support a Rule 60(b)(4) motion. *Espinosa*, 559 U.S. at 271.

No jurisdictional or due process error occurred here.

\* \* \*

We AFFIRM the district court's denial of the Rule 60(b)(4) motion.