# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2023

Lyle W. Cayce
Clerk

No. 23-20182
Summary Calendar

_____

Overille Denton Thompson, Jr.,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-1197

_____

Before Stewart, Clement, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Overille Denton Thompson, Jr., Texas prisoner # 2068451, moves for a certificate of appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2254 application challenging his convictions for possession of heroin with intent to distribute and possession of a firearm by convicted felon. The district court dismissed the § 2254 application as time barred. He

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20182

additionally seeks a COA to appeal the denials of his Federal Rule of Civil Procedure 59(e) motion as well as several other motions addressed below.

Although he baldly asserts that the district court should have granted his motion for a continuance, Thompson does not substantively address, and has therefore abandoned any challenge to, the district court's denial of that motion as moot. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Thompson's challenge to the denial of bail during the application's pendency in the district court is moot; we therefore DISMISS the appeal for lack of jurisdiction insofar as Thompson challenges the denial. *Cf. Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987).

To obtain a COA with respect to the denial of a § 2254 application,[1] a prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court has denied a request for habeas relief on procedural grounds, the prisoner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. To obtain a COA regarding the denial of his Rule 59(e) motion, he must show that jurists of reason could debate whether the district court abused its discretion by denying relief. *See Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011). Thompson fails to make the necessary showings. Accordingly,

---

[1] Although Thompson separately asserts that the district court erred by denying several other motions that he filed contemporaneously with his § 2254 application, those pleadings, in relevant part, merely expound upon the arguments and claims raised in his § 2254 application and therefore need not be separately addressed.

we DENY a COA insofar as Thompson challenges the dismissal of his § 2254 application and the denial of his motion under Rule 59(e).

Finally, because the order denying Federal Rule of Civil Procedure 11 sanctions did not adjudicate the merits of his § 2254 application, Thompson does not require a COA to appeal the denial. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009). We DENY as unnecessary the request for a COA with respect to the denial of this motion.

Thompson's contention that the district court did not sufficiently consider his Rule 11 arguments is conclusory, and he does not attempt to show that his motion for sanctions was substantively meritorious such that the district court abused its discretion by denying it. *See Friends for Am. Free Enterprise Ass'n v. Wal–Mart Stores, Inc.*, 284 F.3d 575, 577–78 (5th Cir.2002); *Yohey*, 985 F.2d 222. We therefore AFFIRM the denial of Thompson's Rule 11 motion.